IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:21-cv-0387-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Gov. Henry McMaster, *Governor of South Carolina*; Alan Wilson, *S.C. Attorney General*; Bryant Sterling, *Director of South Carolina Department of Corrections*; and Warden Evonne Willingham, | ) ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Lee Foster ("Plaintiff"), a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF No. 1).  The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  On April 5, 2021, the magistrate judge issued an order directing Plaintiff to bring the case into proper form within a specified time.  (ECF No. 8).  The magistrate judge's order warned Plaintiff that if he failed to submit the necessary documentation to bring the case into proper form within the time permitted, his case may be subject to dismissal.  *Id*. at 1.  Plaintiff provided some of the required documents in response to the proper form order but failed to submit a fully completed summons form and Form USM-285.  *See* (ECF Nos. 10; 15 at 7).  Subsequently, Plaintiff filed a motion for leave to proceed *in forma pauperis*.  (ECF No. 12).

Accordingly, now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court deny Plaintiff's motion to proceed *in forma pauperis* and

1

dismiss this action without issuance and service of process. (ECF No. 15). Plaintiff was informed of his right to file objections to the Report within fourteen (14) days. *Id.* at 12. Thus, Plaintiff's objections were due on June 1, 2021.[1] Plaintiff has submitted objections dated June 3, 2021 and mailed on June 4, 2021. (ECF Nos. 17 at 2; 17-2 at 1); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's pleadings are considered filed at the moment they are delivered to the prison authorities for forwarding to the court). Plaintiff's objections are, therefore, untimely. Nevertheless, the court has considered Plaintiff's objections out of an abundance of caution.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 15 at 2–3). Briefly, Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and being held at the Trenton Correctional Institute. *See* (ECF Nos. 1 at 2; 1-2 at 1; 15 at 2). Plaintiff alleges that he is being falsely imprisoned by Defendants on a charge that was dismissed and later expunged from his record, and that he has been used "for human trafficking, kidnapping for profits, and false imprisonment." (ECF No. 1 at 4); *see also* (ECF Nos. 1 at 5–6; 15 at 2). For relief, Plaintiff seeks to be released from prison as well as monetary damages. (ECF No. 1 at 6).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is

---

[1] The Report was mailed to Plaintiff on May 14, 2021 (ECF No. 16), making any objections thereto due on May 28, 2021. However, because Plaintiff was served by mail, he was entitled to an additional three (3) days to respond pursuant to Federal Rule of Civil Procedure 6(d), making his objections due Monday, May 31, 2021, a federal holiday. Thus, Plaintiff's objections were due the following day, June 1, 2021.

charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.

*See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint for the following reasons: (1) his claims are frivolous, because he is currently serving a twenty-year sentence pursuant to his conviction in a criminal case separate and distinct from the case in which the charges against him were dismissed and expunged; (2) to the extent Plaintiff seeks to be released from prison, the court does not have the authority to grant such relief in an action under § 1983; (3) similarly, pursuant to *Heck v. Humphrey*, 512 US. 477, 486–87 (1994), the court cannot award monetary damages in this case where Plaintiff challenges the validity of his conviction and duration of his sentence when said conviction and sentence have not previously been invalidated; (4) Plaintiff fails to set forth any facts to support his claims that Defendants kidnapped and trafficked him for profit, nor does he allege that he suffered any serious physical or mental injury as a result of the conditions of his confinement or that any Defendant was deliberately indifferent to such conditions; and (5) Plaintiff has failed to comply with the magistrate judge's order directing him to bring the case into proper form.  (ECF No. 15 at 3–7).  The magistrate judge further noted

that any claims against Defendant Alan Wilson, the South Carolina Attorney General, are subject to summary dismissal based on prosecutorial immunity. *Id*. at 6–7.

The magistrate judge then turned to Plaintiff's motion to proceed *in forma pauperis*. The Report recommends the motion be denied because Plaintiff already has three "strikes" under 28 U.S.C. § 1915(g). *Id*. at 8. Specifically, the magistrate judge found that Plaintiff has filed thirteen non-habeas cases in this district since 1995,[2] at least three of which were dismissed as frivolous, malicious, or for failure to state a claim. *Id*. at 8–9. The magistrate judge further found that Plaintiff makes no allegations that he is in imminent danger of serious physical injury as a result of Defendants' alleged actions and, therefore, does not fall within the narrow exception to the three-strikes rule. *Id*. at 9–11. Accordingly, the magistrate judge recommends Plaintiff's motion be denied and that Plaintiff be required to pay the filing fee before his case proceeds any further. *Id*. at 11.

Although Plaintiff filed objections to the Report, they are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims. *See* (ECF No. 17). Most of Plaintiff's objections appear to merely repeat allegations and arguments raised in his Complaint. *Compare* (ECF No. 17), *with* (ECF No. 1). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, CA No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012). Moreover, the documents Plaintiff attached to his objections have already been filed and fully considered by the magistrate judge. *Compare* (ECF No. 17-1 at 1, 2, 3–4), *with* (ECF No. 11-1 at 13, 17, 26–27).

---

[2] *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).

The remainder of the objections simply state Plaintiff's disagreement with the Report but fail to identify any error in the magistrate judge's analysis or conclusions.  Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court.  *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error.  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 15) and is aware of no reason to deviate from the Report's recommended disposition.  The court, therefore, adopts the magistrate judge's Report, *id.*, and incorporates it herein.  Accordingly, this action is **DISMISSED** without issuance and service of process. Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 12) is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 14, 2021


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.